E-FILED
Friday, 02 June, 2006  04:55:08 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARGARET MACGREGOR, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3018 |
| | ) | |
| L. DAVID RUTBERG, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant L. David Rutberg, M.D.'s Rule 12(b)(6) Motion to Dismiss (d/e 3).  Plaintiff Margaret MacGregor has filed a two-count Complaint (d/e 1) against Dr. Rutberg, alleging breach of contract (Count 1) and defamation (Count 2).  Dr. Rutberg asserts that both counts of the Complaint should be dismissed for failure to state a claim.  As set forth below, the Motion to Dismiss is allowed.

The following facts are taken from the allegations of, and the exhibits to, the Complaint.  Plaintiff Margaret MacGregor is a neurosurgeon.  In 2001, a patient filed a medical negligence action in Illinois state court

against Dr. MacGregor arising out of a 2000 anterior cervical diskectomy performed by Dr. MacGregor.  Dr. Rutberg, who is also a practicing neurosurgeon, provided deposition expert witness testimony on the patient's behalf in the 2001 action.  Dr. Rutberg's deposition in the state case was taken in two parts, on September 9, 2002, and on January 23, 2004.  Dr. Rutberg stated his conclusion that Dr. MacGregor negligently caused a perforation of the patient's esophagus by improperly placing surgical retractors during surgery.  According to the Complaint, this conclusion was false.

At all relevant times, Dr. MacGregor and Dr. Rutberg were members of the American Association of Neurological Surgeons (AANS), which had in effect rules and regulations governing its members with respect to providing expert witness testimony in legal actions.   Specifically, the Complaint alleges that the following Rules were in effect at all relevant times:

> The neurological expert witness shall represent and testify as to the practice behavior of a prudent neurological surgeon giving different viewpoints if such there are.

> The neurosurgical expert witness shall identify as such any personal opinions that vary significantly from generally accepted neurological practice.

The neurosurgical expert witness shall review all pertinent available medical information about a particular patient prior to rendering an opinion about the appropriateness of medical or surgical management of that patient.

<u>Complaint</u>, ¶ 11.[1]

The Complaint alleges that Dr. Rutberg violated these Rules in that he:

[f]ailed to review all pertinent available medical information about the case by failing to review the deposition transcripts of Dr. MacGregor and the patient, prior to giving testimony about the appropriateness of Dr. MacGregor's medical or surgical management of that patient;

[f]ailed to represent and to testify as to the practice behavior of a prudent neurological surgeon and by failing to give different viewpoints on the subject of intra-operative documentation of retractor placement, when in fact, they existed; and

[f]ailed to identify as such his personal opinion concerning intra-operative documentation of retractor placement, that varied significantly from generally accepted neurological practice.

<u>Complaint</u>, ¶ 19.

According to the Complaint, Dr. Rutberg was expelled from membership in AANS after it was determined that he engaged in

---

[1]The excerpt from the AANS Rules and Regulations relating to expert witness testimony, Complaint Exhibit B, does not show an effective date. The Court notes that the copy of the AANS Bylaws that is attached as Exhibit A to the Complaint shows an approval date of July 2, 2005. At the motion to dismiss stage, the Court views as true the allegations that the Rules and Regulations set forth above were in effect at all relevant times. The Court notes one minor difference between the language quoted in paragraph 11 of the Complaint and paragraph A(2) of Exhibit B.

unprofessional conduct on two occasions in connection with offering litigation-related opinions that did not conform with AANS Rules. These two occasions were in cases unrelated to the underlying state case at issue here.

After Dr. Rutberg was expelled from AANS, Dr. MacGregor obtained summary judgment in her favor in the underlying state case. According to Dr. MacGregor, Dr. Rutberg's testimony in the underlying case lacked a sufficient basis in fact and/or medicine and forced her to expend unnecessary time and expense to defend the underlying lawsuit.

Dr. MacGregor filed her two-count Complaint in January 2006, alleging breach of contract (Count 1) and defamation (Count 2) by Dr. Rutberg. In Count 1, Dr. MacGregor asserts that the AANS Bylaws, Rules and Regulations constituted a contract under which Dr. Rutberg was required to perform and that Dr. Rutberg's deposition testimony constituted a breach of this contract. In Count 2, Dr. MacGregor claims that Dr. Rutberg defamed her in his deposition testimony. The Complaint asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the Complaint alleges that Dr. MacGregor is a resident and citizen of Illinois, that Dr. Rutberg is a resident and citizen of California, and that the

amount in controversy exceeds the jurisdictional amount.  <u>Complaint</u>, ¶¶ 1-3.

ANALYSIS

Dr. Rutberg moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the Plaintiff.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle her to relief.  <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996).  Illinois substantive law applies to this diversity action.  <u>See</u> <u>Hinc v. Lime-O-Sol Co.</u>, 382 F.3d 716, 719 (7th Cir. 2004) (contract claim); <u>Quilici v. Second Amendment Foundation</u>, 769 F.2d 414, 416 (7th Cir. 1985) (defamation claim).

Dr. Rutberg moves to dismiss, arguing: (1) both Counts 1 and 2 are based on statements that he made in connection with a court proceeding for which he enjoys an absolute privilege from suit, (2) Count 1 is based on an alleged breach of an agreement to which Dr. MacGregor did not have privity

5

and was not an intended third-party beneficiary, and (3) the fact that the rights provided for in the AANS By-laws have been exercised renders Count 1 moot. As set forth below, the Court finds that the Illinois doctrine of testimonial immunity bars Dr. MacGregor's suit. Therefore, Dr. Rutberg's Motion to Dismiss is allowed.

As an initial matter, Dr. Rutberg asserts that both counts of the Complaint should be dismissed because they are based on statements he made in connection with a court proceeding for which he enjoys an absolute privilege from suit. Illinois courts have recognized that "[i]t is well-established that witnesses enjoy absolute privilege from civil suit for statements made during judicial proceedings." McNall v. Frus, 784 N.E.2d 238, 239 (Ill.App.3rd Dist. 2002) (citing cases).

Clearly, Dr. MacGregor's defamation claim falls within the scope of this testimonial privilege. To state a claim for defamation under Illinois law, Dr. MacGregor must allege facts sufficient to show that Dr. Rutberg made a false statement concerning her, that there was an unprivileged publication to a third party with fault by Dr. Rutberg, which caused damage to Dr. MacGregor. Krasinski v. United Parcel Service, Inc., 530 N.E.2d 468 (1988); see also Restatement (Second) of Torts § 588 ("A witness is

absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding."). Thus, an unprivileged publication is an express element of defamation under Illinois law. Turning to Dr. MacGregor's contract claim, the Court finds that the Illinois testimonial privilege, as set forth above, applies to this contract claim as well. The language describing the privilege is general, and the privilege applies to all civil suits, not merely to tort actions. See McNall, 784 N.E.2d at 239.

Dr. MacGregor acknowledges the general testimonial privilege, and she does not dispute that the statements at issue here were made as a part of a judicial proceeding. Instead, she argues: (1) Dr. Rutberg voluntarily waived any testimonial privilege by entering into a contractual obligation that superceded his immunity; (2) Dr. Rutberg voluntarily assumed a duty which superceded his immunity; and (3) the testimonial immunity privilege should contain an exception for expert witness testimony.

Dr. MacGregor asserts that when Dr. Rutberg became a member of AANS, he became contractually bound to follow all of AANS's Rules and Regulations. Dr. MacGregor argues that Dr. Rutberg voluntarily waived any

testimonial privilege by voluntarily entering into this contractual obligation which superceded his immunity. Dr. MacGregor, however, cites no cases to support her position, and she fails to identify any section of the AANS Bylaws, Rules, or Regulations that could constitute an express waiver of testimonial immunity. Thus, the Court rejects Dr. MacGregor's waiver argument.

Dr. MacGregor's contention that Dr. Rutberg voluntarily assumed a duty that superceded his testimonial immunity is similarly unavailing. Once again, Dr. MacGregor relies on the AANS Bylaws, Rules, and Regulations, arguing that when Dr. Rutberg voluntarily joined AANS, he assumed a duty to follow its expert witness rules. Again, Dr. MacGregor fails to cite cases to support her position, and she does not identify any section of the AANS Bylaws, Rules, or Regulations that expressly or impliedly indicate that the duty to follow AANS's expert witness rules supercedes the testimonial immunity privilege.

Finally, Dr. MacGregor asks the Court to create an expert witness exception to the Illinois doctrine of testimonial immunity. Dr. MacGregor, however, cites no cases, in any jurisdiction, in which a court has recognized such an exception. As the Illinois Appellate Court has recognized, in order

to establish such an exception, not only would the Court "need to break with Illinois precedent and create a heretofore unrecognized exception to absolute privilege but also go beyond the most far-reaching precedents in any jurisdiction." <u>McNall</u>, 784 N.E.2d at 240.  The Court is unpersuaded by Dr. MacGregor's argument for a change in the law and, thus, declines to modify Illinois' testimonial immunity doctrine.  Because the only wrongful conduct alleged in the Complaint arises out of Dr. Rutberg's deposition testimony, the testimonial immunity doctrine bars Dr. MacGregor's claims. Counts 1 and 2 are, therefore, dismissed.

Given the applicability of the testimonial privilege, the Court need not reach Dr. Rutberg's alternate arguments for dismissal of Count 1.  As an alternative to dismissal, Dr. MacGregor asks the Court for leave to conduct limited discovery before the Court rules on Dr. Rutberg's Motion to Dismiss.  As set forth above, however, the shortcomings of Dr. MacGregor's case are not fact-based and would not be cured by limited discovery.  Dr. MacGregor's request for a stay of this ruling pending limited discovery is denied.

THEREFORE, Defendant L. David Rutberg, M.D.'s Rule 12(b)(6) Motion to Dismiss (d/e 3) is ALLOWED.  The Complaint is DISMISSED

with PREJUDICE.  All pending motions are denied as moot.  This case is

closed.

IT IS THEREFORE SO ORDERED.

ENTER:   June 2, 2006.

FOR THE COURT:

_____s/  Jeanne E. Scott_____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE